IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| STEVEN FARR, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant.[1] | C/A No. 3:18-cv-02061-CMC <br><br> Opinion and Order <br> on Motion to Dismiss <br> or for Summary Judgment <br> (ECF No. 7) |

Through this action, Plaintiff seeks recovery under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), for injuries arising from medical treatment he received while a military dependent.[2] The matter is before the court on motion of the United States of America (Defendant) to dismiss the action or, in the alternative, for summary judgment. ECF No. 7. The motion turns on whether (1) this action was filed within the six-month limitation period established by 28 U.S.C. § 2401(b); or, alternatively, (2) equitable tolling applies to excuse any delay beyond six months. Because uncontroverted evidence establishes the action was filed beyond the limitations period and Plaintiff has failed to establish any basis for equitable tolling, the court grants the motion for summary judgment and dismisses the action with prejudice.

---

[1] In its opening memorandum, the United States asserts it is the only proper Defendant and the named Defendants "should be dismissed and the United States substituted as the only proper party." ECF No. 7-1 at 1 n.1 (citing 28 U.S.C. § 2679). Plaintiff does not argue otherwise and implicitly acknowledges the United States is the only proper Defendant. ECF No. 11 (stating "The Defendant, United States, has moved" to dismiss and referring to "Defendant" in the singular through the remainder of the memorandum). The court, therefore, dismisses the originally named Defendants and substitutes the United States as reflected in this caption.

[2] Plaintiff asserts two causes of action, one for medical negligence and one for battery.

## STANDARD

Because the parties rely on materials outside the pleadings, both in advancing and opposing the motion, the court applies the standard applicable to motions for summary judgment.[3] Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## BACKGROUND

**Verified Complaint.** Plaintiff filed his verified Complaint on July 26, 2018. ECF Nos. 1, 1-5 (verification). The Complaint alleges Plaintiff suffered injuries as a result of medical treatments he received at Shaw Air Force Base when he was a dependent of a military member. *See* ECF No. 1 ¶¶ 1, 2. The treatments consisted of a series of injections administered in 1989 and 1990. *Id.* ¶¶ 14-18. Plaintiff alleges he "now suffers violent permanent hand and arm tremors bilaterally" as a result of these injections, which is a known side effect of the medication used. *Id.* ¶¶ 19, 20.

---

[3] As discussed below, Plaintiff maintains at least some of the materials relied on go beyond what is "integral" to the Complaint. The court agrees that at least some of the materials (Plaintiff's affidavit and his former counsel's representation letter) are not integral to the Complaint.

2

Anticipating various defenses, the Complaint alleges the United States Air Force ("USAF") has asserted Plaintiff's parents made a related claim that was denied in July 1999. *Id.* ¶ 22. The Complaint further alleges Plaintiff has not been provided records of any such claim. *Id.* It also alleges Plaintiff sought his medical records beginning in 2013, but had received only a partial medical record as of March 2016. *Id.* ¶¶ 23, 24 (citing and attaching National Archives letter dated November 17, 2017, which addresses search for and production of records).

Most critically for purposes of the present motion, the Complaint addresses denial of a claim Plaintiff filed in June 2016, which was denied by the USAF on June 28, 2017:

> 25. On or about June 28, 2017[,] Defendant USAF sent a letter denying Plaintiff's claim for injuries claiming that Plaintiff's claim: (1) was originally asserted by his parent in 1997 and was denied in 1999; (2) was not timely asserted based on the prior denial; (3) was not meritorious as the USAF had obtained medical opinion[s] in two areas that the appropriate standard of care was met . . . . Said letter extended to the Plaintiff a period of six (6) months to seek additional review in the United States District Court.

*Id.* ¶ 25. The referenced June 28, 2017 denial letter is attached to the Complaint. ECF No. 1-3. The Complaint also attaches an expert affidavit in support of Plaintiff's malpractice claim, as required by South Carolina law. ECF No. 1 ¶ 26, ECF No. 1-4.

**Motion to Dismiss or for Summary Judgment.** Defendant moved to dismiss or, in the alternative, for summary judgment, arguing Plaintiff's claim is barred by the limitations period specified in 28 U.S.C. § 2401(b). ECF No. 7, 7-1. This section reads, in relevant part, as follows: "A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing by certified or registered mail, of notice of a final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Defendant argues the claim is barred by this provision because "Plaintiff did not file suit until almost a year after the mailing of the letter denying his tort claim." ECF No. 7-1 at 5.

3

Defendant attaches two documents in support of this motion, Plaintiff's administrative claim form and a certified mail receipt. ECF Nos. 7-2, 7-3. The claim form seeks recovery for several alleged wrongs including injection of a medication by a "Dr. Bragger" in 1996 that caused Plaintiff to "shake," which symptom has become worse over the years.[4] The certified mail receipt indicates "A.Thompson" accepted a letter from "HQ AFLOA/JACC" directed to Plaintiff's former attorney, James J. Corbett ("Corbett") on July 3, 2017.

Defendant argues the matter may be resolved under Rule 12(b)(6) of the Federal Rules of Civil Procedure, despite its reliance on documents outside the pleadings, because those documents are authentic and integral to the Complaint. ECF No. 7-1 at 2. Defendant asserts the attached documents are integral because Plaintiff was required to exhaust administrative remedies before filing his Complaint.

**Plaintiff's Response.** Plaintiff filed a response that does not contest the authenticity of the documents attached to Defendant's motion. ECF No. 11. He, nonetheless, argues the court should treat the motion as a motion for summary judgment because the parties rely on documents outside the pleadings that are not integral to the Complaint. *Id.* at 1-2 (arguing certified mail receipt is not integral).

Plaintiff advances two substantive arguments. First, he argues delivery of the denial letter by certified mail to Corbett did not trigger the limitations period because Corbett terminated

---

[4] There are some distinctions between the narrative in the claim form and allegations in the Complaint: most notably the dates of treatment (1996 vs. 1989-90) and spelling of the physician's name ("Bragger" vs. "Braga"). The denial letter, however, refers to treatments received in 1989-90 as well as a prior claim made in 1997. Thus, the administrative claim appears to have considered the treatment described in the Complaint. The parties do not argue otherwise.

4

representation that same day and did not inform Plaintiff the letter was delivered by certified mail. *Id.* at 1, 4-5. Plaintiff asserts that, at the least, there is an issue of fact whether Corbett "remained an individual who could receive the agency denial on July 3, 2017." *Id.* at 5 n. 2. Second, he argues extraordinary circumstances outside of his control support equitable tolling and preclude judgment as a matter of law. *Id.* at 1, 5.[5]

In support of the first argument,, Plaintiff attaches documents including his own affidavit averring (1) his prior attorney, Corbett, terminated his representation through a letter dated July 3, 2017; (2) Plaintiff never received a certified letter from the USAF; and (3) Plaintiff was not aware the denial letter was sent to Corbett by certified mail until Defendant filed its present motion. ECF No. 11-1 at 1, 2 ¶¶ 2, 3. Based on the same date appearing on the certified mail receipt and letter ending the representation, Plaintiff "dispute[s] that [Corbett] was in fact [Plaintiff's] agent at th[e] time of his office's receipt of the certified letter from Defendant USAF." *Id.* ¶ 3. Finally, Plaintiff avers his current attorney asked Plaintiff whether he had received the denial by certified mail, which Plaintiff denied. *Id.* ¶ 4 (also noting the face of the letter does not state the denial was delivered by certified mail).

---

[5] Plaintiff notes equitable tolling applies in suits against the United States. *Id.* at 5. He explains this doctrine "permits a court to pause the running of a limitations statute . . . when a party has pursued his rights diligently but some extraordinary circumstances prevents him from meeting a deadline." *Id.* (internal quotation marks and citation omitted). He argues equitable tolling should apply here because Corbett's termination of the attorney-client relationship left Plaintiff "without counsel or support when he needed it most." *Id.* at 6. Plaintiff asserts he "continued to diligently pursue his case, seeking the advice of subsequent counsel while navigating the maze of filing requirements under [state and federal] law on his own until he was able to secure his present counsel." *Id.*

> Plaintiff attaches Corbett's letter, which reads, in relevant part, as follows:
>
>> Enclosed please find a copy of the June 28, 2017 letter I received from the Department of the Air Force, Claims and Tort Litigation Division denying your claim. I previously informed you if the claim was denied, particularly due to the statute of limitations having run out, that this would end my involvement in this matter. I wish you good luck.

ECF No. 11-1 at 3.

**Defendant's Reply.** On reply, Defendant notes the USAF received a representation letter from Corbett dated February 17, 2017, and argues sending the certified notice of denial to Corbett was consistent with the representation letter. ECF No. 12 at 1, 2 (attaching representation and denial letters at ECF No. 12-1, 12-2); *id.* at 3 (noting 28 C.F.R 14.9(a) provides final denial "shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail."). Defendant argues the undisputed evidence establishes: (1) Corbett represented Plaintiff "though the administrative claim phase"; (2) Corbett only terminated the attorney-client relationship *after* receipt of the denial letter; and (3) the denial letter was forwarded to Plaintiff with the letter ending representation. *Id.* at 2. Thus, Corbett was Plaintiff's attorney and agent when the denial letter was delivered by certified mail, leaving no issue that might require discovery.

While it concedes equitable tolling may apply to the limitations period at issue, Defendant argues the undisputed evidence precludes tolling in this case. This is because Plaintiff has failed to point to evidence supporting either ground for equitable tolling recognized in this circuit: (1) when Plaintiff is prevented from asserting his claim by some kind of wrongful conduct on the part of Defendant; or (2) when extraordinary circumstances beyond Plaintiff's control make it impossible to file his claim on time. *Id.* at 5 (citing *Land v. Green Tree Servicing, LLC*, 140 F.

6

Supp. 3d 539. 546 (D.S.C. 2015)[6]); *id.* (also citing *Kokotis v. United States Postal Service*, 223 F.3d 275, 280-81 (4th Cir. 2000) for proposition equitable tolling is appropriate only where defendant deceived or mislead plaintiff to conceal existence of claim). Plaintiff's assertion he was handicapped in pursuing his claim because he was without counsel is insufficient to support either ground.

## DISCUSSION

### I. Certified Mailing to Corbett Triggered Limitations Period

The relevant limitations period is set by 28 U.S.C. § 2401(b), which provides as follows: "A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Federal Regulations provide "Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail." 28 C.F.R. § 14.9(a)

The undisputed evidence establishes the letter denying Plaintiff's claim was mailed by certified mail to Corbett on or shortly after the date of the letter (June 28, 2017) and before it was signed for in Corbett's office on July 3, 2017. The evidence also establishes Corbett was Plaintiff's attorney at the time the letter was mailed (between June 28, 2017 and July 3, 2017) and at the time Corbett's office received the letter on July 3, 2017. This is established by the combination of Corbett's February 17, 2017 letter of representation (which reflects a copy to Plaintiff), and *Plaintiff's averment the representation existed prior to and was terminated by Corbett's July 3,*

---

[6] *Land*, in turn, relies on *Harris v. Hutchinson*, 209 F3d 325, 330 (4th Cir. 2000) in support of this proposition.

7

*2017 letter*. ECF No. 11-1 ¶ 2 ("I was previously represented by an attorney, who dropped my case and terminated our attorney client relationship by letter dated July 3, 2017."). Corbett's letter supports this characterization of the end of the relationship as it attaches the denial letter, which Corbett states he "received from the Department of the Air Force, Claims and Tort Litigation Division denying your claim," asserts Corbett had "previously informed [Plaintiff] if the claim was denied, . . . that this would end my involvement in this matter," and concludes by "wishing [Plaintiff] good luck." Plaintiff offers no evidence the relationship ended prior to Corbett's receipt of the denial letter. Thus, the undisputed evidence establishes Corbett ended the relationship *after* and based on receipt of the denial letter.

It follows that mailing of the denial letter to Corbett by certified mail between June 28, 2017 (the date of the letter) and July 3, 2017 (when Corbett received the letter), triggered the six-month limitations period established by 28 U.S.C. § 2401(b). As the action was not filed until July 28, 2018, it was filed well beyond this limitations period and is time-barred absent a basis for equitable tolling.

## II. There Are No Grounds for Equitable Tolling

Equitable tolling may be applied to claims under the FTCA. *United States v. Wong*, 135 S. Ct. 1625, 1629 (2015). It is, however, available only in limited circumstances such as where the "claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) (note omitted); *see also Kokotis*, 223 F.3d at 280-81 (stating equitable tolling is appropriate only where "defendant has wrongfully deceived or mislead the plaintiff in order to conceal" the claim); *Harris*, 209 F.3d at 330 (stating equitable tolling applies where Plaintiff was

prevented from timely asserting his claim due to wrongful conduct by defendant or where "extraordinary circumstances beyond plaintiff's control made it *impossible* to file the claims on time" (emphasis added)).

Plaintiff points to no conduct by or attributable to Defendant that could have deceived or mislead Plaintiff either as to the existence of his claim or as to the deadline for seeking further relief. To the contrary, it is undisputed the denial letter was mailed by certified mail to the attorney who was representing Plaintiff in the administrative claim process. The denial letter concluded by stating it was the final denial of the claim and, if dissatisfied, Plaintiff "may file suit in the appropriate United States District Court not later than six months after the date of mailing of this letter." ECF No. 1-3 at 3. Thus, the only actions attributable to Defendant informed Plaintiff of his right to seek further relief and the deadline for doing so rather than misleading him as to that right and deadline.

Likewise, Plaintiff fails to point to any extraordinary circumstances beyond his control that might support equitable tolling. At most, Plaintiff suggests he was disadvantaged by his former counsel's decision to end representation. *See* ECF No. 11 at 6 (stating he was "left without counsel or support when he needed it most"); *id.* at 7 (characterizing end of representation as "untimely" and "entirely outside of the Plaintiff's control"). While Plaintiff states he "diligently pursue[d] his case" after Corbett declined further representation, including "seeking the advice of subsequent counsel while navigating the maze of filing requirements under [state and federal] law on his own until he was able to secure his present counsel[,]" he does not point to any specific circumstances that were extraordinary or beyond his control, much less that made it "impossible" to file his Complaint on time. Rather, the generically described difficulties are the same that would face any

9

unrepresented litigant.[7] Plaintiff has, therefore, failed to point to any evidence that would support equitable tolling.

## CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is granted and this action is dismissed with prejudice.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 3, 2018

---

[7] Corbett's letter states representation was ending based on circumstances Corbett previously informed Plaintiff would result in termination of the attorney-client relationship: denial of the claim. While Plaintiff characterizes Corbett's departure as "untimely," ECF No. 11 at 7, he does not suggest the stated reason for termination did not reflect the agreed scope of representation or even came as a surprise. In any event, Plaintiff cites no authority suggesting termination of representation promptly upon denial of an administrative claim supports equitable tolling, especially where the newly unrepresented party is given prompt notice of the denial of his claim and deadline for filing any civil action.