IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| STEVEN FARR, | C/A No. 3:18-cv-02061-CMC |
| Plaintiff, | |
| v. | Opinion and Order on Motion to Alter or Amend Judgment |
| UNITED STATES OF AMERICA, | (ECF No. 15) |
| Defendant. | |

Through this action, Plaintiff seeks recovery under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), for injuries he alleges resulted from negligent medical treatment provided by an agent or employee of the United States of America ("Defendant"). The court previously granted summary judgment to Defendant based on Plaintiff's failure to file this action within six months after the responsible agency notified Plaintiff's former attorney of the denial of Plaintiff's administrative claim by certified mail. *See* ECF No 13 at 7-10 (addressing limitations period set by 28 U.S.C. § 2401(b)). In addition to finding the limitations period had expired, the court held Plaintiff had failed to proffer evidence to support equitable tolling. *Id.* at 8-10.[1]

The matter is now before the court on Plaintiff's motion to alter or amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is denied.

---

[1] The Complaint alleges the treatment at issue was received between 1988 and 1990. ECF No. 1 ¶ 14. While the extended period between treatment and filing of the underlying claim may suggest additional timeliness concerns, the challenged judgment and underlying order rest solely on the delay between denial of the administrative claim and initiation of this action.

**STANDARD**

Rule 59(e) allows the court to alter or amend a judgment "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). A motion to alter or amend a judgment "is an extraordinary remedy which should be used sparingly." *Id*. at 402 (4th Cir. 1998) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 at 124 (2d ed. 1995)).

**ARGUMENTS OF THE PARTIES**

**Plaintiff's Arguments.** In a single paragraph, Plaintiff presents two arguments in support of alteration or amendment of judgment. His first argument addresses delays caused by the need to obtain an expert affidavit before filing this action. His second argument addresses delays caused by a combination of his learning disabilities and difficulties with his former attorney. Plaintiff does not cite or address the standards for alteration or amendment of judgment.

In his first argument, Plaintiff asserts "the [c]ourt failed to consider that the Plaintiff could not file his medical negligence action in compliance with state law until he received an expert affidavit as to Defendant's failure to meet the applicable standard of care." ECF No. 15 at 1. He notes the expert affidavit he filed in support of his claim is dated March 20, 2018 (roughly three

2

months after the six-month limitations period expired), and argues he could not have filed the action before receiving the affidavit without risking sanctions for a frivolous proceeding. *Id.* Plaintiff asserts the additional (four month) delay between the date of the expert affidavit and the date he filed this action resulted from his pre-litigation attempts to exchange affidavits and mediate with Defendant as required by state law.

Plaintiff's second argument reads, in full, as follows:

> The [c]ourt failed to consider fully the position of the Plaintiff with his prior counsel and consider conducting an evidentiary hearing as to same. The Plaintiff made efforts to change counsel but was advised that he could not. The Plaintiff suffers from a learning disability which impairs his ability to read and write. He did everything he could to pursue his claim, per his attached affidavit.

*Id.* at 2.

In his attached "supplemental affidavit," Plaintiff avers he has "a learning disability and as a result ha[s] been determined disabled for purposes of Social Security benefits." ECF No. 15-1 ¶ 3 (also asserting he has "extreme difficulty with reading and writing.").[2] He also avers he had "several disagreements" with his prior counsel before that attorney mailed Plaintiff a letter "indicating that he was no longer [Plaintiff's] attorney" and "was advised [he] could not change

---

[2] Neither the Complaint nor other pre-judgment filings allege Plaintiff suffers from a learning disability. This is despite the Complaint alleging Plaintiff is disabled for purposes of social security benefits. *See* ECF No. 1 ¶ 19 (alleging Plaintiff "has been determined permanently disabled by the Social Security Administration[,]" but referring only to "violent permanent hand and arm tremors bilaterally" and inability "to hold and manipulate any objects" as cause of disability and attributing both conditions to the challenged treatments). Moreover, while the Complaint alleges Plaintiff previously suffered from mental health difficulties, it does not suggest either these difficulties or, more critically, any learning difficulty contributed to the social security disability determination. *See* ECF No. ¶ 14 (stating treatments at issue were for treatment of atypical psychosis).

Footnote Continued . . .

representation while [his] claim was pending" when he contacted the South Carolina Bar to attempt to replace this attorney. *Id.* ¶ 5. Plaintiff does not specify when he contacted the South Carolina Bar, though context suggests it was while his claim was still pending. He avers he learned an expert affidavit was required to file this action *after* his "prior attorney dropped my case" and he obtained such an affidavit in March 2018. *Id.* ¶ 6, 7 (stating he has "made continuous efforts to pursue [his] claim."). Finally, Plaintiff avers he has "limited income and limited means" and it "has been very difficult" for him to obtain the necessary medical opinion. *Id.* ¶ 8.[3]

**Defendant's Arguments.** In response, Defendant characterizes Plaintiff's motion as directed solely to the court's ruling on equitable tolling and argues the circumstances addressed do not support tolling on any available ground. This is, most critically, because Plaintiff has not shown it was impossible to obtain an expert affidavit within the six-month period allowed for initiating litigation following denial of an administrative claim. ECF No. 20 at 1-2. Defendant notes the expert affidavit itself suggests the necessary report could have been obtained within the relevant period because it refers to an independent medical examination ("IME") conducted on October 19, 2017, well within six months following denial of the administrative claim. *Id.* at 2.

To the extent Plaintiff argues the delay is excused by Defendant's failure to exchange expert opinions with Plaintiff or engage in post-claim, pre-suit negotiations, Defendant asserts it has no duty to do either. *Id.* As to Plaintiff's reliance on a claimed learning disability, Defendant argues this places him in no different position than other pro se litigants with such a disability, and, consequently, does not support equitable tolling. *Id.* at 2-3. Finally, Defendant notes

---

[3] Plaintiff did not file a reply. Thus, his arguments are drawn solely from his opening memorandum and attached supplemental affidavit.

Plaintiff's arguments do not point to any ground that would support alteration or amendment of judgment, even if the arguments might otherwise favor equitable tolling.

## DISCUSSION

### I. Challenge Limited to Ruling on Equitable Tolling

Prior to entry of judgment, Plaintiff advanced two alternative arguments why his claim should not be time barred under 28 U.S.C. § 2401(b). First, he argued the agency's mailing of final denial of his administrative claim to his former attorney by certified mail did not trigger the six-month period for bringing an FTCA action in federal court. Second, he argued, even if triggered, the period should be equitably tolled because *his former attorney's termination of representation* (concurrent with forwarding the denial letter) left Plaintiff "without counsel or support when he needed it most." ECF No. 11 at 5, 6.

Plaintiff's arguments for alteration or amendment do not implicate the court's ruling on the first point. That is, he does not challenge the court's determination the six-month period had expired before this action was filed because it was triggered by certified mailing of the denial to his former attorney. While Plaintiff does not mention any specific legal principle or equitable doctrine in his present motion, he does appear to challenge the court's ruling on the second issue: the availability of equitable tolling. To the extent so construed, Plaintiff's motion fails for reasons addressed below.

### II. Neither a Change in Law nor Newly Discovered Evidence Supports Alteration

As noted above, Plaintiff's present motion does not include any discussion of the available grounds for alteration or amendment of judgment. The court, nonetheless, considers each potential ground, beginning with whether (1) there has been an intervening change in controlling law or (2)

evidence not available before judgment warrants a different result. For reasons explained below, Plaintiff's motion fails to suggest reliance on either of these grounds.

In his pre-judgment memorandum, Plaintiff argued equitable tolling was warranted because he diligently pursued his case, including seeking replacement counsel "while navigating the maze of filing requirements . . . on his own[.]" *Id.* at 6. Plaintiff acknowledged equitable tolling is only available if "the circumstances preventing a party from pursuing his rights [are] external to [Plaintiff's] own conduct" but argued his former attorney's termination of representation "was entirely outside of the Plaintiff's control." *Id.*; *see also* ECF No. 11-1 ¶¶ 2, 3 (averring Plaintiff's prior attorney "dropped my case and terminated our attorney client relationship by letter dated July 3, 2017" and explaining Plaintiff "sought new counsel afterwards and was advised that [he] had to obtain an Expert Affidavit as to the standard of medical care . . . to file an action against [Defendant.]

The court rejected these arguments. ECF No. 13 at 7-10. It noted Plaintiff had not identified any "conduct by or attributable to Defendant that could have deceived or misled [him] either as to the existence of his claim or as to the deadline for seeking further relief" or "extraordinary circumstances beyond his control that might support equitable tolling." *Id.* at 6-7. As to the latter, the court noted the absence of circumstances that made it "impossible" for Plaintiff to file within the statutory period and concluded Plaintiff's "generically described difficulties [were] the same that would face any unrepresented litigant." *Id.* at 7. The court also noted Plaintiff's failure to cite any "authority suggesting termination of representation promptly upon denial of an administrative claim supports equitable tolling[.]" *Id.* at n.7.

Plaintiff's present motion cites no case law, statute, regulation, or any other form of authority other than a general reference to Rule 59 of the Federal Rules of Civil Procedure and

generic reference to a state-law requirement for an expert affidavit.  Given the absence of such authority or related argument, Plaintiff's motion cannot be construed as arguing for alteration or amendment based on an intervening change in the law.

In contrast, Plaintiff offers expanded arguments based on supplemental evidence that includes greater details as to the circumstances that delayed his filing of this action.  For example, Plaintiff now claims his efforts were hampered by a learning disability, a circumstance he did not mention in his prior affidavit or memorandum.  He also now argues he was thwarted by a third party (the South Carolina Bar) in efforts to replace his prior counsel, apparently while his administrative claim was still pending.  ECF No. 15 at 2.  Plaintiff also offers minimal added detail regarding his efforts to obtain an expert affidavit and reasons for delay between obtaining that affidavit and filing this action.  While this information is new, there is no suggestion it was *not previously available* to Plaintiff.  To the contrary, Plaintiff's dependence on his own supplemental affidavit and the content of that affidavit confirm his arguments for alteration or amendment of the judgment are based on information that would have been known to him before entry of judgment.

In sum, Plaintiff's arguments cannot be construed as relying on a change in controlling law.  While they do rely on additional evidence, there is no suggestion the additional evidence was not previously available to him.  It follows that he is not entitled to alteration or amendment of judgment based on an intervening change in law or to account for new evidence not available before judgment.

**III. Neither Clear Error of Law Nor Manifest Injustice Support Alteration**

The remaining ground for alteration or amendment of a judgment is "to correct a clear error of law or prevent manifest injustice." *Becker*, 305 F.3d at 290. Because Plaintiff cites no legal precedent, he necessarily fails to identify a clear error of law. This leaves prevention of manifest injustice as a potential ground for alteration or amendment.

The first obstacle to alteration or amendment on this basis is that it would rely on arguments and evidence Plaintiff could have but failed to advance before entry of judgment. *See Pac. Ins. Co.*, 148 F.3d at 403 (noting motions to alter or amend judgment "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment"). Even if not barred for this reason, Plaintiff's present arguments would fail because he has not shown that he is entitled to equitable tolling, much less that denial of tolling would work a manifest injustice.

Taken collectively, Plaintiff's current and prior arguments are that he is entitled to equitable tolling under the following circumstances: (1) state law requires Plaintiff to support his action with an expert affidavit; (2) due to his learning disability, limited means, and difficulties with and withdrawal of his prior counsel, Plaintiff *did not obtain* an expert affidavit until March 20, 2018 (roughly three months after the deadline for filing this action); and (3) the further four-month delay before filing resulted from Plaintiff's attempts to mediate with Defendant following receipt of the expert affidavit. Thus, Plaintiff's arguments for alteration or amendment focus on the circumstances contributing to his delay in obtaining an expert affidavit and reason he further delayed filing the action after receiving that affidavit.[4]

---

[4] The circumstances here are distinguishable from those addressed in *Pinilla v. United States*, Slip Op. No. 17-1992 (4th Cir. Jan. 23, 2019) (unpublished). There, the court held the statute of
Footnote Continued . . .

As an initial matter, Plaintiff offers no support for the premise a plaintiff's personal circumstances, including learning disability, dissatisfaction with or loss of counsel, difficulties retaining an expert, and delay in favor of pre-litigation negotiation, may ever support equitable tolling. With the exception of the claimed learning disability, these are the sort of difficulties that would be faced by most pro se litigants and, consequently, not extraordinary circumstances that make it impossible to file a timely action.

What information Plaintiff provides about his learning disability is insufficient to demonstrate it contributed to much less caused the delay in filing this action.[5] Under these

---

limitations for *filing an administrative claim* did not commence *until an expert could have opined* as to the cause of the injury. Slip Op. at 10 (holding parents could not have known minor's injuries were the result of negligence until an expert could conclude the injuries were permanent, which could not have occurred until the minor was two years old). Here, the delay in obtaining an expert affidavit relates to a period *after denial of the administrative claim*, thus, well after Plaintiff had sufficient notice of the claimed negligence to assert his claim in an administrative setting. Moreover, there is no suggestion the expert was unable to form the necessary opinion within the limitations period, only that Plaintiff's personal circumstances made it difficult for him to obtain the expert opinion.

[5] Plaintiff avers he has extreme difficulty reading and writing. ECF No. 15-1 ¶ 3. He does not, however, explain how this contributed to or caused his delay in filing this action. In contrast, Plaintiff avers he was able to contact the South Carolina Bar when he sought to replace his former attorney, apparently while his administrative claim was pending. *Id.* ¶ 5. He does not address whether he contacted the Bar for assistance after his former attorney terminated representation. Plaintiff also discloses that he learned of the need for an expert affidavit after his former attorney withdrew, obtained such an affidavit on March 20, 2018, and has made "continuous efforts to pursue [his] claim". *Id.* ¶¶ 6, 7. He indicates his primary difficulty obtaining the expert opinion was the result of his financial circumstances. *Id.* ¶ 8. The expert'affidavit, nonetheless, reveals the expert conducted an IME in October 2017, after Plaintiff's former attorney withdrew and within six months of denial of the administrative claim. ECF No. 1-4 ¶ 5 (March 20, 2018 expert affidavit referring to and relying on IME conducted on October 19, 2017). Thus, whether on his own or with assistance from another attorney, it appears Plaintiff had the intellectual ability to contact an expert and take steps necessary to obtain an expert opinion. While these circumstances may not preclude a finding Plaintiff suffers a learning disability that contributed to the delay in filing this action, neither do they support that conclusion.
Footnote Continued . . .

circumstances, the court need not decide whether a learning disability that contributes to a missed deadline may support equitable tolling.

To the extent Plaintiff relies on his decision to delay filing in favor of pre-suit mediation, he does not explain why he could not have filed the action within the limitations period and, if necessary, stayed the action pending mediation or negotiations. Certainly, he does not suggest Defendant encouraged him to delay filing during this period. Thus, nothing in Plaitiff's unilateral decision to further delay filing suggests a basis for equitable tolling.

To the extent Plaintiff offers additional details regarding difficulties with his former attorney, those details fail to suggest any extraordinary circumstance. Indeed, the new averments suggest the former attorney's withdrawal was neither unexpected nor unwelcome.[6] Plaintiff's reference to the court's failure to conduct an evidentiary hearing on these or related issues, likewise, fails to suggest a basis for alteration or amendment. This is, first, because Plaintiff never sought a hearing. *Compare* ECF No. 11 at 7 (arguing genuine issues of material fact precluded summary judgment rather than seeking a hearing), *with* ECF No. 15 at 2 (arguing court erred by "fail[ing] to consider fully the position of the Plaintiff with his prior counsel and consider conducting an evidentiary hearing as to the same"). In any event, the court accepted Plaintiff's averments regarding his dealings with his former attorney as true when it considered his pre-judgment arguments for equitable tolling.

---

[6] The letter terminating representation states Plaintiff's former attorney had "previously informed" Plaintiff that counsel "would end [his] involvement in this matter" if the claim was denied. ECF No. 11-1 at 3. Rather than offering evidence to the contrary, Plaintiff's supplemental affidavit indicates he had disagreements with his former attorney and sought to replace him while the administrative claim was pending.

In sum, Plaintiff has failed to point to any clear error of law or manifest injustice in the court's prior ruling on equitable tolling.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to alter or amend the judgment is denied.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
February 25, 2019